# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# DOCKET NO. 5:14-cv-134

| | |
|---|---|
| TIMOTHY SCOTT KRIEGER, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 12) and the Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on July 23, 2010, and an application for supplemental security income on July 30, 2010, alleging a disability onset date of July 15, 2006. (Tr. 11). Plaintiff's claim was denied initially on December 1, 2010 and upon reconsideration on June 9, 2011; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"), which took place on January 30, 2013 in Charlotte, NC. (*Id.*) After conducting the hearing, the ALJ issued a decision which was unfavorable to plaintiff on June 27, 2013, from which plaintiff appealed to the Appeals Council. (Tr. 6, 8). Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals

1

Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). (Tr. 1-3). Thereafter, plaintiff timely filed this action on August 7, 2014. (Doc. No. 1).

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV.     Substantial Evidence

### A.      Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented

with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

**B.** **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4)(i)-(v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process. At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 15, 2006, Plaintiff's alleged onset date. (Tr. 13). At the second step, the ALJ found that Plaintiff has the following severe impairments: asthma, bipolar disorder, anxiety disorder, personality disorder, and alcohol dependence, in remission. (*Id.*) At step three, the ALJ found that Plaintiff did not meet one of the Listings. (Tr. 14). The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform

medium work as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c), "except he must avoid concentrated exposure to fumes and hazards." (Tr. 14). The ALJ also found that, because of his mental impairment, Plaintiff was limited to "simple, routine and repetitive tasks in a stable environment at a non-production pace." (*Id.*) Further, [h]e can have occasional interpersonal interaction and occasional public contact." (*Id.*) At step four, the ALJ determined that Plaintiff could not return to his past relevant work. (Tr. 19). At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform, and found him not disabled. (Tr. 19-21).

C. **Discussion**

Plaintiff, who is proceeding *pro se*, appears to make the following assignments of error: (1) the record in this case supports that he is disabled by his impairments, (2) that he meets the requirements of Listing 12.04, and (3) that the ALJ's step five finding was erroneous. Plaintiff's assignments of error will be discussed seriatim.[1]

1. **Substantial Evidence Supports the ALJ's Finding of Not Disabled**

It appears that, in finding Plaintiff not disabled under the Act, the ALJ relied on evidence from Plaintiff's treatment record, his sister's and parents' reports to treating sources, hospital records, consultative examination (CE) reports, hearing testimony, state agency medical and psychological consultant evaluations, and testimony from a vocational expert (VE). (*See* Tr. 14-19). He ultimately found that Plaintiff retained the residual functional capacity to perform medium work as it is defined in the regulations, except that he should avoid concentrated exposure to fumes and hazards. (Tr. 14). He also limited Plaintiff to simple, routine and repetitive tasks in a stable

---

[1] The Commissioner notes, and the Court agrees, that Plaintiff does not appear to challenge the ALJ's findings at steps one, two, and four of the sequential evaluation.

environment at a non-production pace with occasional interpersonal interaction and occasional public contact due to his mental impairment. (*Id.*) He made this finding after reviewing the mental health treatment record and noting that Plaintiff's treating physician, Dr. Wagnitz, had not assessed any work-related limitations. (Tr. 18, 417-18). Nor did the consultative examiners, Dr. Duszlak and Dr. Anthony, assess any work-related limitations. (Tr. 18, 315-22, 363-69). The ALJ adopted the opinions of state agency medical consultants C. Charles and L. O'Neal, who opined that Plaintiff retained the mental residual functional capacity to perform a wide range of work activity. (Tr. 18, 74-76, 105-07).

Plaintiff takes issue with the ALJ's interpretation of some of this evidence. Notably, Plaintiff alleges that the medication he has been prescribed "merely sedate[s] me," and that his mental impairments present insurmountable hurdles to his employability. But the ALJ noted, and the record reflects, that with appropriate treatment and alcohol/substance abstinence, Plaintiff's depressive and anxious symptoms are stable and under good control. (Tr. 15). The ALJ specifically noted that Dr. Wagnitz prescribes Depakote to Plaintiff and closely monitors his medication, and that Plaintiff had not fully expressed his alleged complaints with his medication to Dr. Wagnitz, nor had he followed through with regular laboratory testing to determine therapeutic Depakote levels. (Tr. 17). The ALJ acknowledged that "the claimant experiences a worsening of his symptoms while not under treatment and when abusing drugs/alcohol and is repeatedly incarcerated," but noted that this is not a basis for a finding of disability. (*Id.*) Ultimately, the ALJ concluded that "[w]ith effort and abstinence, the claimant's symptoms are under good control." (*Id.*)

The Court, having reviewed the record itself, is satisfied that the ALJ's conclusions about Plaintiff's impairments are accurate and are supported by the evidence in the record. More importantly, however, it is not this Court's task to re-weigh evidence or make findings of fact. Review of the Commissioner's decision is limited solely to whether the ALJ followed the law, and whether his decision is supported by substantial evidence. The Court finds that the ALJ did follow the law and that his decision is supported by substantial evidence.

### 2. Substantial Evidence Supports the ALJ's Finding that Plaintiff Does Not Meet a Listing

Plaintiff appears to assert that he meets the diagnostic criteria in Listing 12.04 for major depressive syndrome, manic syndrome, and bipolar syndrome. However, the Commissioner argues, and the Court agrees, that Plaintiff failed to show that his impairments cause functional limitations severe enough to meet the B or the C criteria of this Listing. In making this determination, the ALJ relied on the opinions of Dr. Charles and Dr. O'Neal, the state agency psychological consultants. (*See* Tr. 18). Collectively, they agreed that Plaintiff has bipolar disorder, anxiety disorder, substance disorder, and personality disorder, which cause some significant functional limitations. (*Id.*) In 2010, Dr. Charles opined that Plaintiff had moderate restriction of activities of daily living, and moderate difficulties in maintaining social functioning and maintaining concentration, persistence, or pace. (Tr. 71). Dr. O'Neal reviewed the record in May 2011 and made these same findings. (Tr. 117-18). Neither found repeated episodes of decompensation, and both agreed that the "C" criteria were not established. The ALJ reviewed the decisions, found them persuasive, and noted that they were consistent with the objective medical evidence in the record. He was free to do so, and the Court finds that his determinations are supported by substantial evidence in the record.

### 3. Substantial Evidence Supports the ALJ's Step Five Determination

Having determined Plaintiff's RFC, the ALJ at step five relied on the testimony of the VE, who testified that there were jobs in significant numbers in the national economy that Plaintiff could perform considering his age, education, work experience, and RFC. (Tr. 20; 60-61). The VE testified that Plaintiff could perform the functions of a poultry vaccinator, hand packer, and laundry laborer, which jobs are all medium exertional level and unskilled. (Tr. 60-61). Plaintiff complains that his respiratory limitations prevent him from performing the laundry laborer and poultry vaccinator jobs. However, even if this were true, Plaintiff does not appear to contest the VE's example of hand packer, for which there are 1080 jobs in North Carolina and 50,000 jobs in the country. (Tr. 61). The Commissioner correctly notes that work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which a claimant is able to meet with his physical and mental abilities and vocational qualifications. *See* C.F.R. §§ 404.1566(b), 416.966(b); *see also Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979). The ALJ found that there were such jobs in significant numbers, and the Court finds that his determinations are supported by substantial evidence in the record.

### D. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales*, *supra*; *Hays v. Sullivan*, *supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*, Plaintiff's Motion for Summary Judgment will be

denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**;

The Clerk of Court is respectfully directed to send a copy of this order to the Plaintiff and close this case.

**SO ORDERED.**

Signed: September 14, 2015

Graham C. Mullen
United States District Judge